UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| LENIN MOREL, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 7:22-015-DCR |
| v. | ) ) | |
| DEPARTMENT OF JUSTICE, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate/Plaintiff Lenin Morel is confined at the United States Penitentiary ("USP")-Thomson in Thomson, Illinois. Proceeding without an attorney, Morel has filed a civil complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) against officials at USP-Big Sandy located in Inez, Kentucky. [Record No. 1] Morel has paid the $402.00 filing and administrative fees in full. [Record No. 7]

Because Morel is a prisoner seeking redress from officers and/or employees of a governmental entity, the Court conducts a preliminary review of his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. Claims will be dismissed if they are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

The Court evaluates Morel's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual

allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Morel alleges that, on October 30, 2020, he was involved in an altercation with his cellmate. [Record No. 1] According to Morel, even though he and his cellmate complied with instructions to stop and go to their knees, Lieutenant K. Pearce entered the cell and began discharging a pepper paint gun. [*Id*. at p. 3] Morel alleges that he was struck three times on his back and another time on his right eye, fracturing his eye socket. [*Id*.] He states that he was treated for his injuries by Nurse Tracy Goble, who said that there was nothing wrong with his eye and failed to arrange treatment by an eye doctor. [*Id*. at p. 3-4] Morel also alleges that Goble falsely wrote on his medical assessment records that he suffered his eye injuries from the altercation with his cellmate and that no weapons were involved in the incident. [*Id*. at p. 4]

Morel asserts that he was then moved to another cell, but he and the new cellmate told Correctional Officer J. Adams that they could not be housed in the same cell. [*Id*.] After Adams left, Morel's new cellmate pressed the emergency button inside the cell two times and asked to be moved to a different cell. [*Id*.] Morel contends that Adams and Correctional Officer N. Tussey came to the cell and Adams opened the food tray slot and pepper sprayed Morel while instructing Morel and his cellmate to cuff up. Morel states that he and his cellmate complied and Morel exited the cell with his hands cuffed behind his back. [*Id*.] Morel alleges that Pearce lifted him up into the air by "tricking" him off his feet, put pressure with his hands on the back of Morel's head, then took Morel to the ground, causing injuries which required treatment at an outside hospital. [*Id*. at p. 5] Morel claims that Pearce then fabricated incident

reports, claiming that Morel had tried to strike him and had threatened Pearce. [*Id*.] He further claims that Goble fabricated medical records about his new cellmate assaulting Morel.

As a result of these events, Morel claims that he has permanent eye damage and scars on his back and forehead. He seeks to pursue Eighth Amendment claims against Defendants the Department of Justice ("DOJ"), the Federal Bureau of Prisons ("BOP"), USP-Big Sandy, Tussey, Goble, Pearce, and Adams. As relief, Morel seeks monetary damages in the amount of $5 million. [Record No. 1]

Morel's claims for monetary relief are brought pursuant to the doctrine announced in *Bivens*, which held that an individual may "recover money damages for any injuries . . . suffered as a result of [federal] agents' violation of" his constitutional rights." *Bivens* 403 U.S. at 397. However, while *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-677 (2009). *See also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). Thus, to recover against a given defendant in a *Bivens* action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)).

After reviewing the Complaint, the Court finds that Morel's allegations are sufficient to require a response from the individual Defendants (Tussey, Goble, Pearce, and Adams). And because Morel is a prisoner, the United States Marshals Service ("USMS") will be directed to serve the individual Defendants with a summons and copy of the Complaint on the plaintiff's behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Morel's claims against the DOJ, the BOP, and USP-Big Sandy will be dismissed. While the holding in *Bivens* authorizes suits against individual federal employees for violations of civil rights, it does not waive the sovereign immunity enjoyed by the United States and its agencies. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). Thus, Morel may not seek monetary relief against the United States or its agencies, which include the DOJ, the BOP, and USP-Big Sandy (which is operated by the BOP). *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001).

Finally, Morel's Complaint requests the appointment of counsel. [Record No. 1 at p. 11] However, the Court has already considered a separate motion to appoint counsel filed by Morel [Record No. 5] and concluded that the appointment of counsel is not warranted in this case. [Record No. 6] Accordingly, it is hereby

**ORDERED** as follows:

1. To the extent that Morel's Complaint requests the appointment of counsel [Record No. 1 at p. 11], that request is **DENIED**.

2. Morel's claims against Defendants the Department of Justice, the Federal Bureau of Prisons, and the United States Penitentiary-Big Sandy are **DISMISSED** with prejudice and these Defendants are **DISMISSED** as parties to this action.

3. The Deputy Clerk is directed to prepare five (5) "Service Packets" for service upon the United States of America, Defendants Correctional Officer N. Tussey, Nurse Tracy Goble, Lieutenant K. Pearce, and Correctional Officer J. Adams. Each Service Packet shall include:

  a. a completed summons form;

  b. the Complaint [Record No. 1];

  c. this Order; and

  d. a completed USM Form 285.

 4. The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery on the docket.

 5. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky, and the Office of the Attorney General of the United States in Washington, D.C.

 6. The USMS shall personally serve Defendants Correctional Officer N. Tussey, Nurse Tracy Goble, Lieutenant K. Pearce, and Correctional Officer J. Adams at USP-Big Sandy in Inez, Kentucky through arrangement with the Federal Bureau of Prisons.

 7. Morel must immediately advise the Clerk's Office of any change in his current mailing address.  **Failure to comply may result in dismissal of this case**.

 8. If Morel wishes to seek relief from the Court during the pendency of this action, he must do so by filing a formal motion sent to the Clerk's Office.  Every motion Morel files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing.  **Letters sent to the judge's chambers or motions lacking a certificate of service will be disregarded.**

Dated: March 24, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky